**VERNON SAVINGS AND LOAN ASSOCIATION, FSA, and Dondi Group, Inc., Plaintiffs,**

v.

**COMMERCE SAVINGS AND LOAN AS-SOCIATION, Gerald Stool, Donald F. Goldman, AMF Partnership, Ltd., Park Cosmopolitan Associates, Duck Hook Associates, Turnpike–Waldrop Joint Venture, Alamo Associates, Seven Flags Partnership, W. Deryl Comer, R.H. Westmoreland, and Jack Franks, Defendants.**

Civ. A. Nos. CA3–87–2952–D, CA3–87–2953–D.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 22, 1988.

Randall J. Shafer and William J. Ruhe, Jr., of Shafer, Ramsey & Ruhe, P.A., Samuel L. Boyd and R. Allen Jones, of Boyd & Fults, Dallas, Tex., Paul H. Friedman and Samuel J. Winer, of Arter & Hadden, Washington, D.C., Barry S. Zisman and David I. Hammond, of Arter, Hadden & Witts, Dallas, Tex., Jordan Luke, Jack Smith, Dorothy Nichols and Charles Mc-Donald, of Office of General Counsel, Washington, D.C., of counsel, for plaintiffs-appellees.

Ernest E. Figari, Jr., Alan S. Loewinsohn, and James A. Jones of Figari & Davenport, Dallas, Tex., for movants-defendants-appellants.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The failure of Vernon Savings and Loan Association and its federally chartered successor, Vernon Savings and Loan Association, FSA, has spawned numerous state court lawsuits that the Federal Savings and Loan Insurance Corporation, as receiver,

has removed to U.S. District Court.[1] The court decides today that the FSLIC properly removed an appeal pending before a Texas state appellate court and does not reach the question whether the FSLIC had the authority to remove the state district court action from which the appeal was taken.[2]

# I.

## BACKGROUND

Vernon Savings and Loan Association ("Old Vernon") and its subsidiary, Dondi Group, Inc. ("Dondi"), filed suit in a Texas district court against various parties, including movants[3] in this removed action. Sometime thereafter, the Federal Home Loan Bank Board ("FHLBB") declared Old Vernon insolvent and appointed the FSLIC as receiver for Old Vernon. The FSLIC simultaneously transferred, with certain exceptions,[4] all of Old Vernon's assets and liabilities, including those that are the subject of the instant action, to a newly-chartered federal savings and loan association, Vernon Savings and Loan Association, FSA ("New Vernon"). New Vernon subsequently substituted itself in place of Old Vernon as plaintiff in the state district court action.

On April 29, 1987, the state district court dismissed with prejudice all of New Vernon's and Dondi's claims against certain defendants as a sanction for violating the court's discovery orders. New Vernon's and Dondi's claims against other codefendants remained, as did defendants' counterclaims. On October 23, 1987, the state district court, in one order, struck New Vernon's and Dondi's defenses to the counterclaims as a sanction for further discovery abuses and, in another order, dismissed the entire action for want of subject matter jurisdiction, relying on *North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096, 1101 (5th Cir. 1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

Movants asked the state district court to reconsider its *Hudspeth* dismissal order. Following an adverse decision, they appealed the order to the state court of appeals. New Vernon and Dondi cross-appealed the state district court's orders.

Thereafter, the FHLBB placed New Vernon into receivership and appointed the FSLIC as New Vernon's receiver. Within 30 days thereafter, the FSLIC filed two petitions for removal with this court: one petition effected the removal of the state district court case, the other the removal of the appeal pending in the state court of appeals. The instant motion[5] to remand followed. On January 4, 1988, the court granted expedited consideration of the removal question in order to minimize interference with the state court appeal process in the event of a remand.

# II.

## DISCUSSION

In order to decide whether the FSLIC has the authority to remove a pending state court appeal the court must first determine the applicable jurisprudential stan-

1. All such actions removed to the Dallas Division of this court have, by order of Acting Chief Judge Sanders, been assigned to the docket of the undersigned in order to facilitate orderly administration of the cases.

2. The state court appeal is the appellate version of the state district court case. Because the court holds *infra* that the FSLIC properly removed the appeal, and that this court, in its capacity as a federal trial court, will take the case as it finds it, there appears to be no practical reason for deciding whether to remand the state district court case. The state district court presumably would take no action in a dismissed case that has been appealed to a state appellate court. In view of the practical inconsequence of a remand, the court will await the proper case before deciding the circumstances under which the FSLIC can remove a final state trial court order.

3. Movants are the defendants in the state district court and the appellants-cross-appellees in the state court of appeals.

4. The FSLIC did not transfer certain claims against Old Vernon officers and directors.

5. The court refers throughout this opinion to a singular "motion" because, as explained *supra* at note 2, the court does not decide the motion to remand the state district court action.

dards. Movants rely upon authorities that pertain to the general removal statutes (*see* 28 U.S.C. §§ 1441–1452), and on the basis of such cases contend that a party is not entitled to remove a pending state court appeal. The FSLIC, on the other hand, argues that such authorities, to the extent inconsistent with the FSLIC's right of removal, are supplanted by 12 U.S.C. § 1730(k)(1),[6] which is a special removal statute. The court agrees with the FSLIC that § 1730(k)(1) invokes its own body of jurisprudence from which this court is to determine whether the FSLIC can remove a state court appeal.

The court begins its analysis, as it must, with the language of § 1730(k)(1) itself. *United States v. James,* — U.S. —, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986) (starting point in statutory interpretation is the language of the statute itself). Section 1730(k)(1) provides, in pertinent part, that the FSLIC may "remove any [civil] action, suit, or proceeding from a State court" to which the FSLIC is a party. The statute does not purport to restrict the type of state forum from which a case may be removed; it refers simply to "a State court." Neither does it purport to limit removal to a particular type of suit; the

statute contemplates the removal of any civil "action, suit, or proceeding."

The legislative history concerning the Financial Institutions Supervisory Act of 1966, wherein Congress enacted the current version of § 1730(k)(1), reflects the intent of Congress to "provide that any action to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States" and to "authorize the removal to a Federal court of any such action commenced in a State court." S.Rep. No. 1482, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin. News 3532, 3550.

Congress' use of more expansive terms such as *any* civil action and *a* state court evinces its intent readily to afford the FSLIC an available federal forum in which to litigate claims by or against the FSLIC in its capacity as receiver of a federally chartered thrift. In the absence of compelling authority to the contrary, this court will not deprive the FSLIC of such a forum.

The court finds support for this interpretation of the removal provision in a case that involved the analogous[7] Federal Deposit Insurance Corporation ("FDIC") removal statute, 12 U.S.C. § 1819(4).[8] In

---

**6.** 12 U.S.C. § 1730(k)(1):

Notwithstanding any other provision of law, (A) the [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the [FSLIC] or its property before final judgment in any action, suit, or proceeding in any court

of any State or of the United States or any territory, or any other court.

**7.** 12 U.S.C. § 1819(4) has been called a parallel statute to § 1730(k)(1). *See In re Franklin National Bank Securities Litigation,* 532 F.2d 842, 844 (2d Cir.1976).

**8.** 12 U.S.C. § 1819(4):

All suits of a civil nature at common law or in equity to which the [FDIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the [FDIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the [FDIC] is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United

*Federal Deposit Insurance Corp. v. Ritchie,* 646 F.Supp. 1581, 1584 (D.Neb.1986), on the basis of § 1819(4) the Nebraska U.S. District Court permitted the removal of an action pending in the Supreme Court of Nebraska.

That Congress did not intend to restrict the removal power of the FSLIC, at least as to the type of action, suit, or proceeding that is removable, is further evidenced by 12 U.S.C. § 632, the removal statute applicable to Federal Reserve banks. Section 632 limits the power of a Federal Reserve bank to remove a suit to "any time before the trial thereof...." By contrast, § 1730(k)(1) contains no such limitation. Thus, although Congress knew how to limit the FSLIC's removal power, it chose not to do so. *Cf. In re Franklin National Bank Securities Litigation,* 532 F.2d 842, 845–46 (2d Cir.1976).[9]

Moreover, this court can discern no principled basis for holding that the FSLIC may remove a case from a state trial court but not from a state appellate court. What must be remembered is that § 1730(k)(1) simply makes available to the FSLIC a federal forum.[10] As in the case of other removed actions, the federal court takes the case as it finds it, subject to the applicable federal rules, and treats everything that occurred in the state court as if it had taken place in federal court. *See Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir. 1963). The case may be in such a procedural posture that the court can and will grant relief. *See, e.g., Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890, 895 (5th Cir.1984) (state court default judgment could be set aside under Fed.R.Civ.P. 60(b)); *Munsey v. Testworth Laboratories, Inc.,* 227 F.2d 902, 903 (6th Cir.1955) (state court default judgment could be set aside under federal law after removal); *Savell v. Southern Railway Co.,* 93 F.2d 377, 379 (5th Cir.1937) (state court ruling on demurrer may be reconsidered by federal court after removal); *Colonial Bank & Trust Co. v. Cahill,* 424 F.Supp. 1200, 1206–08 (N.D.Ill.1976) (state law confession of judgment stayed pursuant to Fed.R.Civ.P. 62(f) pending resolution of defenses). Likewise, the federal court may decide to deny relief. *See, e.g., Northshore Development, Inc. v. Lee,* 835 F.2d 580, 583 (5th Cir.1988) (affirming denial of Rule 60(b) motion to vacate);[11] *Butner,* 324 F.2d at 786–87 (dis-

States. No attachment or execution shall be issued against the [FDIC] or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The Board of Directors shall designate an agent upon whom service of process may be made in any State, Territory, or jurisdiction in which any insured bank is located.

**9.** The court in *Franklin* compared the language of the FDIC removal statute, 12 U.S.C. § 1819(4) (FDIC may remove a case whenever it is a "party" to the case), with that of 12 U.S.C. § 632 (Federal Reserve bank may remove a case only when it is a "defendant" in the case) to conclude that Congress did not intend to limit the FDIC's removal authority only to cases in which the FDIC was a defendant in state court. 532 F.2d at 845–46.

**10.** The court is not here minimizing the importance of a federal forum to the FSLIC. *Compare Glen Ridge I Condominiums, Ltd. v. Federal Savings and Loan Insurance Corp.,* 734 S.W.2d 374 (Tex.App.1986, no writ), *with North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *Federal Savings and Loan Insurance Corp. v.*

*Bonfanti,* 826 F.2d 1391 (5th Cir.1987), *cert. filed; Godwin v. Federal Savings and Loan Insurance Corp.,* 806 F.2d 1290 (5th Cir.1987); *Chupik Corp. v. Federal Savings and Loan Insurance Corp.,* 790 F.2d 1269 (5th Cir.1986). *See also Coit Independence Joint Venture v. First-South, F.A.,* 829 F.2d 563, 564 (5th Cir.1987) (noting contrary positions taken by Dallas court of appeals and Ninth Circuit, on the one hand, and Fifth Circuit, on the other). The court to which this removed action would be remanded is the court that decided *Glen Ridge,* 734 S.W.2d 374.

Moreover, in *Glen Ridge* the Texas court eschewed a uniform rule of decision in FSLIC cases. *See id.,* 734 S.W.2d at 383 (convenience to FSLIC of a uniform rule is outweighed by the disruption of commercial relationships that would occur if uniform federal rule supplanted state law). *Cf. United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979) ("This Court has consistently held that federal law governs questions involving the rights of the United States arising under nationwide federal programs.").

**11.** After the court prepared this memorandum opinion and order, but before it was filed, the FSLIC filed on January 21, 1988 an unopposed

trict court denied motion for relief but circuit court vacated on ground that district court had abused its discretion). The federal district court may also decide, as in *Lee*, to dismiss the claims against the removing party for want of subject matter jurisdiction.

On the other hand, the state case may have advanced so far in the state court system that the federal court cannot, by authority of a federal rule, grant any relief. In this sense the question of removability *vel non* is distinguishable from the question whether relief can be granted.

Movants contend that removal from a state appellate court violates the settled proposition that a federal court cannot sit as an appellate tribunal vis-a-vis a state court. As noted above, however, the federal district court does not sit as an appellate tribunal. It determines, as a trial court, only whether relief is available under federal rules and operates under the legal assumption that all that transpired before removal occurred in U.S. District Court.[12]

The court concludes that § 1730(k)(1) affords a statutory basis for the FSLIC to remove the state court appeal to this court.[13] The motion to remand is denied.[14]

SO ORDERED.

motion for leave to file supplemental brief in order to bring the *Lee* decision to the court's attention. Because the court was already aware of *Lee*, and to avoid another round of briefing that might delay an expedited decision on the remand issue, the court denied the motion for leave and did not consider the supplemental brief.

12. In *Federal Deposit Insurance Corp. v. Ritchie*, 646 F.Supp. 1581 (D.Neb.1986), after removal from the state supreme court, the U.S. District Court treated the matter as one pending in a trial court. *See id.* at 1584 (FDIC given leave to file amended complaint).

13. Anticipating the argument that allowing removal of cases from state appeals courts could thwart the state appellate process, the court notes that any such potential would seem to be more apparent than real. Even under § 1730(k)(1), the FSLIC is subject to the removal procedures prescribed by the general removal statutes, including the requirement of 28 U.S.C. § 1446(b) that the petition be filed within 30 days after the action becomes removable (as defined by § 1446(b)). It is more likely the financial condition of a thrift, rather than the litigation stage of any one lawsuit, that prompts the FHLBB to appoint the FSLIC as a receiver. It would appear to be only a matter of coincidental timing that permits the FSLIC to remove a state court appeal.

14. Movants have also filed motions for sanctions pursuant to Fed.R.Civ.P. 11. Because the court has rejected movants' substantive arguments concerning remand, it necessarily follows that their Rule 11 motions must be and are denied.