**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Highland Park National Bank, Plaintiff–Appellant,**

v.

**YANCEY CAMP DEVELOPMENT, Defendant–Appellee.**

No. 89–1336.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1989.

Robert J. Clary, Johnson, Bromberg & Leeds, R.J. Hobby, FDIC, Legal Div., Dallas, Tex., for plaintiff-appellant.

Aubyn K. Shettle, Jr., Dallas, Tex., for defendant-appellee.

Before GEE, JONES and SMITH, Circuit Judges.

GEE, Circuit Judge:

Today we decide that a default judgment entered in state court against a garnishee bank, which had no claim to any assets of the debtor, can and should be set aside under Federal Rule of Civil Procedure 60(b).

### Facts and Prior Proceedings

In September 1987, Yancey Camp Development ("Yancey") filed an application for a writ of garnishment against Highland Park National Bank ("HPNB"). By it, Yancey sought to collect a $200,000 judgment which it had secured against Suburban American Company, Inc. Yancey believed that Suburban American Company was a depositor of HPNB; but, in fact, it was not. HPNB was served on September 29, 1987. Because of miscommunication between HPNB's cashier, its Vice President of Operations and Administration, and its Executive Vice President, HPNB failed to answer timely. On October 27, 1987, Yancey obtained a default judgment against HPNB in the state district court. In late November, HPNB filed a motion for new trial, which was overruled. It then filed a motion to reconsider, which was denied. Thereafter, HPNB appealed the entry of the default judgment.

While the appeal was pending, the Comptroller of Currency declared HPNB insolvent and appointed the FDIC as receiver. FDIC removed the action to federal district court. Once in federal court, the FDIC moved for an order vacating and setting aside the default judgment. Fed.R.Civ. Proc. 55(e) and 60(b). The district court entered judgment dismissing FDIC's request for relief. The FDIC then filed a motion for new trial and to vacate the prior order and judgment. The district court reaffirmed its judgment dismissing FDIC's request for 60(b) relief. FDIC now appeals to us. In the extraordinary circumstances of this case, we grant it relief.

### Discussion

A state court judgment in a case properly removed to federal court—like the one before us—can be vacated under Federal Rule of Civil Procedure 60(b).[1] *Beighley v. FDIC*, 868 F.2d 776, 781–82 (5th Cir.1989); *Northshore Development, Inc. v. Lee*, 835 F.2d 580 (5th Cir.1988); *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890 (5th Cir.1984). Rule 60(b)(6) enables us to grant relief from a final judgment in cases in which such relief is justified but is not explicitly authorized by earlier sections of the Rule. As we noted in *Seven Elves Inc. v. Eskenazi*, "clause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses...." *Seven Elves Inc. v. Eskenazi*, 635 F.2d 396, 402 n. 3 (5th Cir.1981) (citing 7 Moore's Federal Practice para. 60.27[2] at 375–76 (footnotes omitted)). In this case justice demands that we grant relief.

---

1. Rule 60. Relief from Judgment or Order

    \*    \*    \*    \*    \*    \*

  (b) Mistakes; Inadvertances; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The FDIC suggests that, regardless of the propriety of the underlying default judgment, it, as receiver, should not be held accountable for the default. It maintains that, if for no other reason, simply because of its posture in the case, it is entitled to a trial on the merits. We are not persuaded by this line of argument and we are unwilling to afford the FDIC any special treatment simply because it is the FDIC. We set aside the default judgment here only because the extraordinary facts of this case command such a result.

The appellant bank is a garnishee. Moreover, it is a garnishee that had absolutely no claim to any funds or assets of the debtor. It is those assets that should be applied to satisfy the underlying debt here, not the appellant's. To hold the garnishee bank liable on a default judgment under these facts would be tantamount to confiscation of its assets, already the subject of bankruptcy proceedings—so that its creditors' and shareholders' hopes of recovering anything from the bankruptcy estate would be subordinated to the claim of Yancey, a stranger whose only claim upon them arises from an unintentional failure of the bank's officers to respond timely to the garnishment. Such a windfall on the one hand and a dashing of reasonable expectations on the other is more than equity can stomach.

We hold that the district court abused its discretion when it refused to set aside the default judgment. The judgment of the district court is, therefore,

REVERSED.