**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as conservator for American Federal Savings and Loan Association of Colorado, Plaintiff,**

v.

**WESTGATE PARTNERS, LTD., a Colorado limited partnership, and Westgate Corporation, a Colorado corporation, Defendants.**

**Civ. A. No. 89–M–1750.**

United States District Court,
D. Colorado.

Dec. 12, 1989.

Gregory B. Kanan, Brent R. Cohen, Patricia H. Powell, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for plaintiff.

George V. Chesteen, James A. Halpin, Chesteen & Halpin, Littleton, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is a case removed from state court. The defendants have filed a motion for remand, claiming that removal was improper. This action was brought in the District Court for Jefferson County, Colorado, by the Federal Savings and Loan Insurance Corporation (FSLIC) as conservator for the American Federal Savings and Loan Association ("American"). On April 6, 1989, American became subject to a conservatorship by the FSLIC. On June 21, 1989, American sued Westgate Partners, Ltd. and the Westgate Corporation ("Westgate") on some notes used to finance construction of a shopping center. An amended complaint was filed on July 17, 1989, and an answer and counterclaim was filed by Westgate on July 26, 1989. An answer to the amended complaint was filed on July 28, 1989. Eight counterclaims were raised in the last answer, alleging that American had committed various acts of wrongdoing. The counterclaim also sought an injunction against funding letters of credit that were issued in connection with the transaction, and against the commencement of foreclosure proceedings on the security.

On August 9, 1989, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (1989), became law. Section 501 of FIRREA added § 21A to the Federal Home Loan Bank Act, 12 U.S.C. § 1421 *et seq.* Section 21A created the Resolution Trust Corporation (RTC) which succeeded to the rights of the FSLIC. The FSLIC was abolished by § 401(a) of FIRREA, 103 Stat. at 354. The RTC was appointed receiver and conservator of American on September 28, 1989, and all assets of American were transferred to another institution. On October 10, 1989, the RTC filed a notice of removal to this court.

Section 21A(*l*) provides:

POWER TO REMOVE; JURISDICTION.—

(1) IN GENERAL.—Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

(2) CORPORATION AS A PARTY.—The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989 among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

(3) REMOVAL AND REMAND.—The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal place of business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date the suit is filed against the corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

The Corporation may appeal any order of remand entered by a United States district court.

103 Stat. at 389–90.

Westgate originally claimed that the RTC could not remove the case because it was not a party. Although § 21A(*l*)(1) authorizes removal only of cases where the

RTC is a party, § 21A(*l*)(2) is most sensibly read as making the RTC a party by operation of law to all actions where the FSLIC was a party with respect to institutions subject to the February 7, 1989 management agreement. It is not disputed that American was subject to that management agreement. The section does not say that the RTC shall have the right to join an action, it says the RTC "shall be substituted." Since the FSLIC was abolished, this interpretation is sensible. *See* H.R.Rep. No. 54(I), 101st Cong., 1st Sess., 441, *reprinted in* 1989 U.S.Code Cong. & Admin. News 86 at 237 ("The RTC will be the legal successor to the Federal Savings and Loan Insurance Corporation"). In its reply, Westgate has withdrawn its claim that the RTC was not the proper party to remove the action.

■ Westgate also contends that the RTC could not remove because it was acting for the plaintiff in the state court action. There is nothing in the law that limits removal under this provision to defendants. Westgate also argues that the right of removal does not exist because the RTC is acting as receiver. The status of the FDIC or FSLIC is important for removal purposes under certain other removal provisions, *see, e.g.,* 12 U.S.C. § 1819(b)(2)(D) (limiting right of removal in certain cases involving only state law where the FDIC is a party only as receiver), but the distinctions are explicitly made in the language of those statutes. Section 21A(*l*) does not distinguish between the RTC in its corporate or receivership capacity. Westgate claims that the right to remove was waived by not bringing the case in federal court in the first place, or removing it when the FSLIC was conservator for American. This contention ignores the clear provision in the law giving the RTC the right to remove for 90 days after it becomes a party to an action. Westgate also argues that no policy purpose is advanced by removing cases such as this merely because the RTC is a party, and that the state courts are appropriate to decide these types of disputes. This matter is within Congress's power, and it took a contrary view. Westgate points out that

28 U.S.C. § 1441 is not satisfied. This may be true, but since removal jurisdiction is based on another statute, § 1441 is irrelevant.

Westgate's final argument is that this is not the court to which the action can be removed. The law provides that removal may be made to the United States District Court for the District of Columbia, or, "if the action, suit or proceeding *arises out of the actions of the Corporation* with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal place of business is located." (emphasis added). In *FSLIC v. Burrage*, Civ. No. 89–C–2938, 1989 WL 134956 (N.D.Ill., Oct. 12, 1989) (1989 U.S.Dist.Lexis 12182), the court remanded an action because the court was neither the district court for the District of Columbia nor the district court where the institution's principal place of business was located. The legislative history gives no aid in interpreting this section of the statute. *See* H.R.Rep. No. 54(I), 101st Cong., 1st Sess., 362, *reprinted in* 1989 U.S.Code Cong. & Admin.News at 158.

■ The RTC argues that if the action involves an institution, the provision permits removal to the district court where the institution is located. Westgate replies that if Congress had meant that it could and would have said so. The plain language of the provision is that in general suits may be removed to the District of Columbia. If the case involves some action taken by the RTC with regard to an institution under a receivership or conservatorship, removal may be to the court with jurisdiction over the principal place of business of the institution. Thus, this court has removal jurisdiction only if the case arose out of some action taken by the RTC with respect to American.

The last pleading that asserts a claim for relief is Westgate's July 28, 1989 answer and counterclaim, filed prior to the RTC's August 9, 1989 creation. It would be impossible for any of the claims of either party to have arisen from actions of the

RTC with respect to American because the RTC did not exist when the pleadings setting out the claims were filed. Although some of the actions complained of in the counterclaims may be continued by the RTC, such as the attempt to fund certain letters of credit, the counterclaims did not arise from any actions of the RTC in managing American. Accordingly, this case must be remanded because removal may be made only to the United States District Court for the District of Columbia.

Upon the foregoing, it is

ORDERED.