**MTECH CORP., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., as Receiver for National Bank of Commerce of Brownsville, Defendant.**

**Civ. A. No. 3–89–2307–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 5, 1990.

Eric R. Cromartie and Alec Bramlett, Hughes & Luce, Dallas, Tex., for plaintiff.

Robert J. Clary, Johnson Bromberg & Leeds, Dallas, Tex., Oliver J. Butler, Jr., Brownsville, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Plaintiff's Motion for Remand, filed October 3, 1989; Defen-

dant's Response, filed October 26, 1989; Plaintiff's Reply, filed December 18, 1989; Defendant's letter dated December 22, 1989; and Plaintiff's letter dated January 3, 1990.

## I. INTRODUCTION

Plaintiff filed this action for breach of contract in the 193rd Judicial District Court, Dallas, County, Texas on February 2, 1989. On July 13, 1989, the Office of the Comptroller of the Currency declared Defendant National Bank of Commerce of Brownsville insolvent and appointed the Federal Deposit Insurance Corporation— Receiver (the "FDIC") as its receiver. FDIC filed its Notice of Substitution as Defendant in the state court action on September 5, 1989, and removed the suit to this Court three days later on September 8, 1989 pursuant to 12 U.S.C. § 1819.[1]

## II. DISCUSSION

■ Plaintiff contends that the FDIC's removal was untimely and that this case should be remanded to the state court. Plaintiff supports its contention by asserting that the right of removal contained in 12 U.S.C. § 1819 is subject to removal procedures prescribed by the general removal statute, 28 U.S.C. § 1446. Specifically, 28 U.S.C. § 1446(b) provides that a petition for removal must be filed within thirty days after the receipt of a "pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff argues that the FDIC failed to remove within thirty days after receipt of a paper from which it could have ascertained that this case was, in fact, removable.[2]

Although not explicit in the statute, a number of courts have indeed interpreted 12 U.S.C. § 1819 as requiring the FDIC to remove a case within the general removal provision's thirty-day time limit. *See, e.g., FDIC v. Brooks,* 652 F.Supp. 745, 746 (N.D. Tex.1988) (*"Brooks II"*) (*citing In re Franklin Nat'l Bank Secs. Litig.,* 532 F.2d 842 (2d Cir.1976)). In *Brooks II,* Judge Woodward of this Court deftly handled a case presenting a similar question. The FDIC had removed within thirty days of its notice of substitution in state court but more than thirty days after its appointment as receiver. As in the present case, the FDIC therein argued that the clock for removal began running upon the FDIC's substitution as a party in interest, such that its removal was timely. Judge Woodward disagreed, however, holding that the removal period began running against the FDIC when its counsel received a letter from the state court requesting than an order be prepared denying a motion filed by Brooks. Judge Woodward stated:

[N]o policy would be served by approving the FDIC's action in ignoring the state court's letter and waiting almost six months to remove. Judge Bevers' letter sufficiently notified the FDIC of the pendency of a case that had become removable, and thus the § 1446(b) thirty-day removal period started running [upon the letter's receipt].

*Brooks II,* 652 F.Supp. at 746.

This Court agrees with Plaintiff that counsel for the FDIC received at least several "papers" from which it could have ascertained that the case was removable. On July 18, 1989, counsel for Plaintiff sent a letter to FDIC counsel giving written

**1.** 12 U.S.C. § 1819 was amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), with the effective date of amendment August 9, 1989. FIRREA's removal provisions became effective as of that date. *Triland Holdings & Co. v. Sunbelt Svc. Corp.,* 884 F.2d 205, 207 (5th Cir.1989).

**2.** The Court agrees with Plaintiff that it need not decide whether the FDIC must remove a case within thirty days of its appointment as receiver for a failed thrift where the thrift is already a party to litigation. *See, e.g., FDIC v. Brooks,* 652 F.Supp. 744, 745 (N.D.Tex.1985) (*"Brooks I"*)

(Woodward, J.) (holding that the thirty day removal period runs from the date of FDIC's plea in intervention and notice of substitution); *compare Sunbelt Sav. Ass'n v. Browning,* No. 3–89–0494–H, slip op. at 2 (Sanders, C.J.) (holding that, when the Federal Savings and Loan Insurance Corporation ("FSLIC") is appointed receiver for a failed thrift that is a party to litigation, action then becomes removable by FSLIC pursuant to 28 U.S.C. § 1446(b) and must be removed within thirty days of the appointment).

notice of a hearing date in the state court. A followup letter from Plaintiff's counsel to Defendant's counsel was sent the next day confirming a change in the hearing date. These letters, required by Texas state court rules and directions,[3] are sufficient to fulfill the "other paper" requirement. *International Equity Corp. v. Pepper & Tanner, Inc.*, 323 F.Supp. 1107, 1109–10 (E.D.Pa.1971) (requirement of Pennsylvania state court rules that notice be sent by plaintiff to defendant fulfills "other paper" requirement of 28 U.S.C. 1446(b)). Therefore, the logic of *Brooks II*, which this Court adopts, would start the removal clock at the latest by July 18, 1989, making the FDIC's September 8, 1989 removal improvident.

Defendant argues, however, the irrelevance of all pre-FIRREA case law, since 12 U.S.C. § 1819, as amended, renders inapplicable the provisions of the general removal statute and in particular the thirty day time limit of § 1446(b). Section 1819 previously allowed the FDIC to remove cases "by following any procedure for removal now or hereafter in effect"; the section now states that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate" federal district court. FIRREA, Pub.L. No. 101–73 § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 216. Defendant submits that this alteration in language demonstrates that Congress "clearly intended to expand the FDIC's removal power" and that "FIRREA's provisions clearly indicate that the FDIC's removal powers are not constricted by the procedures generally applicable to removal, including the thirty-day time limit." Defendant's Response at 6–8. Instead, Defen-

dant maintains that a "reasonableness" standard now governs the timing of the FDIC's removal actions.

This Court cannot countenance such a reading of FIRREA. If Congress had sought to insulate the FDIC from § 1446(b)'s time restrictions, it could have explicitly said so.[4] Nowhere is a "reasonableness" standard set out in the amended statute. Nor can one find a word mentioned in the voluminous legislative history that accompanied the act as to the applicability or inapplicability of § 1446(b); these materials make but a scant general reference which affirms the FDIC's authority to remove certain state court proceedings. *See* H.R.Rep. No. 101–545(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Admin.News 124–25. This general affirmance seems the better interpretation of FIRREA's slightly modified language. Moreover, taken to its logical extension, the FDIC's argument would mean that it need not comply with any provisions of the general removal statute, including the requirement that a removing party file a notice of removal. *See* 28 U.S.C. § 1446(a). Such a result must have seemed inappropriate to the FDIC itself, since its notice of removal was filed "pursuant to 12 U.S.C. § 1819 and 28 U.S.C. §§ 1331 and 1441 *and 1446.*"[5]

■ As Judge Fitzwater aptly stated in a pre-FIRREA analysis of the FSLIC removal statute,

What must be remembered is that [the FSLIC removal provision] simply makes available to the FSLIC a federal forum. *As in the case of other removed actions, the federal court takes the case as it finds it, subject to the applicable feder-*

---

**3.** *See* Plaintiff's Motion at 8.

**4.** The FDIC argues that, because FIRREA specifically limits the Resolution Trust Corporation's authority to remove an action to either thirty or ninety days (depending on the circumstances), Congress' failure to place a time limitation upon the FDIC's right of removal was not inadvertent. This argument cuts both ways, however, for it can also be said that Congress intentionally excluded language in FIRREA that would have removed 12 U.S.C. § 1819 from 28 U.S.C. 1446(b)'s time limitations.

**5.** Although there may be merit to the FDIC's argument that § 1446(b)'s thirty-day time limitation is inconsistent with the new provision at 12 U.S.C. § 1821(d)(12)(A)(ii), which gives the FDIC the right to request a ninety-day stay of any judicial proceeding it becomes party to, it is not a question that need be resolved today. The FDIC's appointment as receiver in this case predated the effective date of FIRREA, thus precluding any such request.

*al rules,* and treats everything that occurred in the state court as if it had taken place in federal court.

*Vernon Sav. & Loan Ass'n v. Commerce Sav. & Loan,* 677 F.Supp. 495, 498 (N.D. Tex.1988) (emphasis added). The Court holds today that, with regard to removal under 12 U.S.C. 1819, one of the applicable federal rules continues to be set forth in 28 U.S.C. § 1446(b), requiring timely removal by the FDIC. As stated above, Defendant FDIC's removal was required on or about August 17, 1989, and its September 8, 1989 notice was therefore untimely.

### III.   CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand. However, the Court DENIES Plaintiff's request for an award of costs and expenses, including attorneys' fees. This case is hereby REMANDED to the 193rd Judicial District Court, Dallas County, Texas.

SO ORDERED.