**RESOLUTION TRUST CORPORATION as Conservator for SANDIA FEDERAL SAVINGS ASSOCIATION, by the FEDERAL DEPOSIT INSURANCE CORPORATION as Manager for the Conservator, Plaintiff,**

v.

**James D. KEY, Defendant.**

**Civ. A. No. CA3–89–3123–D.**

United States District Court,
N.D. Texas,
Dallas Division.

March 21, 1990.

Charles W. Sartain of Godwin, Carlton & Maxwell, Dallas, Tex., for plaintiff.

Pamela E. George of Houston, Tex., for defendant.

FITZWATER, District Judge:

The instant motion to remand presents questions concerning the proper interpretation of the removal provisions embodied in the newly enacted Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183 (1989), codified at 12 U.S.C. § 1441a, as they relate to the Resolution Trust Corporation ("RTC").

I

Sandia Federal Savings and Loan Association ("Old Sandia"), a now defunct federal savings and loan association that maintained its principal office in Albuquerque, New Mexico, initiated this action in Texas state court against James D. Key ("Key") seeking to recover on a promissory note executed by Key in favor of Old Sandia. Key filed a general denial in the state action and counterclaimed against Old Sandia for *inter alia* breach of contract and fraud. On August 28, 1989 the state court entered final summary judgment in favor of Old Sandia, finding Old Sandia was entitled to recover $647,892.20 plus interest and attorney's fees from Key. Key immediately filed his motion for a new trial.

On September 13, 1989 Old Sandia was declared insolvent and the RTC was ap-

pointed as its receiver. On the same date a charter was issued for a new federal savings association—Sandia Federal Savings Association ("New Sandia")—and the RTC was appointed as its conservator. The RTC then transferred Old Sandia's assets to New Sandia. The RTC, both as receiver of Old Sandia and conservator of New Sandia, thereafter moved to substitute as plaintiff in place of Old Sandia in the state action. Formal substitution occurred on November 10, 1989 when the state court granted RTC's motions. On December 8, 1989 the state court vacated its prior summary judgment and ordered the RTC to prepare a reformed judgment. On the same date the state court entered a reformed final summary judgment in favor of the RTC, establishing that RTC rather than Old Sandia was entitled to recover from Key. On December 11, 1989 RTC—through the Federal Deposit Insurance Corporation ("FDIC") as manager of the conservator and receiver—removed the action to this court.

Key now moves to remand, contending removal was improper because there can be no removal after entry of final judgment in the state court, because the RTC did not remove this action within the 30–day time limit prescribed by 28 U.S.C. § 1446(b), and because the RTC waived its right of removal by participating in the state proceedings.[1] The RTC responds that removal to this court was authorized by application of FIRREA. The court rejects both Key's and the FDIC's interpretation of the applicable statutory framework, and holds removal to this court was not authorized under the applicable provisions of FIRREA.

## II

### A

Key's contention that entry of final judgment in state court precluded removal need not long detain the court. In an unbroken line of decisions, the Fifth Circuit and other courts of appeals, as well as this and other district courts, have explicitly or implicitly concluded the FDIC and the Federal Savings and Loan Insurance Corporation ("FSLIC") are authorized to exercise their statutory removal powers following the entry of a final state judgment. *See, e.g., FDIC v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir.1989) (implicitly approving removal following entry of state court judgment); *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir.1989) (per curiam) (FSLIC authorized to remove case from state court after entry of final judgment); *Beighley v. FDIC*, 868 F.2d 776, 780–81 (5th Cir.1989) (FDIC empowered to remove case after entry of default judgment in state court); *FDIC v. Taylor*, 727 F.Supp. 326, 328 (S.D.Tex.1989) (FDIC authorized to remove case after entry of state court judgment); *Vernon Sav. and Loan Ass'n v. Commerce Sav. and Loan Ass'n*, 677 F.Supp. 495, 496–99 (N.D.Tex. 1988) (FSLIC authorized to remove state court appeal).[2] The enactment of FIRREA

---

1. Given the court's disposition of this motion, the court need not decide whether the RTC's actions in state court constituted a waiver of its removal right.

2. The court notes that Chief Judge Sanders of this court recently expressed concern about *Vernon Savings'* approval of removing state court appeals. *See FDIC v. Sellards*, 731 F.Supp. 1300, 1302–04 (N.D.Tex.1990) (dictum). The *Vernon Savings* opinion, however, anticipated such issues. The court recognized both that a federal court may not sit as an appellate court to review state court decisions, 677 F.Supp. at 499, and that a case may have advanced so far in the state court system that no relief is available pursuant to a federal rule. *Id.* In spite of this, the court determined that fidelity to congressional intent, as manifested in the language of 12 U.S.C.

§ 1730(k)(1), required that it approve appellate court removals. 677 F.Supp. at 497.

In any event, the pre-FIRREA right of the FDIC to remove a state court appeal has now been recognized by the Fifth Circuit, at least by implication, in *Yancey Camp*, 889 F.2d 647. *Yancey Camp* involved a case removed from a Texas court of appeals. *Id.* at 648. The FDIC sought Fed.R.Civ.P. 60(b) relief from a state court judgment, which relief this court denied. *Id.* In reversing the court's failure to grant relief, however, the Fifth Circuit noted that the state court judgment was "properly removed to federal court." *Id.* Had the circuit court determined removal was improper, it would not have so held and, indeed, would have been obligated *sua sponte* if necessary to note the district court's lack of jurisdiction. *See Sumner v.*

does not alter this analysis.[3] Just as the FSLIC was entitled pre-FIRREA to remove "any [civil] action, suit, or proceeding from a State court," *see* 12 U.S.C. § 1730(k)(1), the RTC is similarly entitled to "remove any such action, suit, or proceeding from a State court." 12 U.S.C. § 1441a(*l*)(3). The statutory language does not restrict the type of state forum from which a case may be removed nor does it limit removal to a particular type of suit. *See Vernon*, 677 F.Supp. at 497 (construing § 1730(k)(1)). Instead, § 1441a(*l*) simply continues the existence of a "special removal statute" that makes available to the RTC a federal forum. *See id.* at 497, 498. That a judgment may have been entered in the state action does not alone preclude the RTC's right of removal.

### B

■ The court next considers whether the RTC timely removed the state action. As an initial matter, the court rejects Key's reliance on the 30–day limitation period found in 28 U.S.C. § 1446(b).[4] While the removal provision embodied in 12 U.S.C. § 1730(k)(1)(C) authorized the FSLIC to remove cases "by following any procedure

---

*Mata*, 449 U.S. 539, 547 n. 2, 101 S.Ct. 764, 769 n. 2, 66 L.Ed.2d 722 (1981).

3. In fact, FIRREA explicitly extends to the FDIC the right to remove a state action post-judgment. *See* 12 U.S.C. § 1821(d)(13)(B). While there apparently exists no analogous statutory provision applicable to the RTC, the similarity in functions between the two regulatory bodies, and the legion of case law interpreting the FSLIC's right of removal, compel the conclusion that the RTC enjoys similar rights.

4. 28 U.S.C. § 1446(b):
   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. In *FDIC v. Norwood*, 726 F.Supp. 1073 (S.D. Tex.1989) (Hittner, J.), the court concluded the general removal provisions of 28 U.S.C. § 1446(b) remain applicable to the FDIC after

for removal now or hereafter in effect," and thereby subjected the FSLIC to the general removal statute requirements of 28 U.S.C. § 1446(b), *see In re Savers*, 872 F.2d at 965 (removal petitions must be filed within 30 days of FSLIC's appointment as receiver); *Addison Airport of Texas, Inc. v. Eagle Inv. Co.*, 691 F.Supp. 1022, 1024 (N.D.Tex.1988) (FSLIC subject to 30–day removal requirement),[5] § 1441a(*l*)(3) contains no reference to general removal law. The operative removal procedure is now as follows:

> The Corporation [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—
>
> > (A) not later than 90 days after the date the Corporation is substituted as a party; or

---

passage of FIRREA, and held § 1446(b)'s 30–day limit starts to run on the date of the FDIC's appointment as receiver. *Id.* at 1075, 1076. In reaching the latter conclusion, the court "[took] issue" with *inter alia* this court's holding in *Addison Airport* that the 30–day limitation period commenced on the date the FSLIC formally intervened rather than on the date of its appointment as receiver. *Id.* at 1076. *Addison Airport* is not inconsistent with *Norwood*, however.

In *Addison Airport* this court recognized that "[w]hen the FSLIC is appointed receiver for a failed thrift that is a party to litigation, the first 'paper' that informs the FSLIC that the case is removable is the FHLBB's order appointing it as receiver." 691 F.Supp. at 1025. In *Addison Airport* the failed thrift was *not* a party to litigation at the time the FSLIC was appointed receiver, and the court thus concluded the 30–day time limit began to run upon the FSLIC's intervention in the state action. *Id.* The holding in *Addison Airport* that the FSLIC must remove a state court action within 30 days of its appointment as receiver if the failed thrift *is* a party to an action on the date of the FSLIC's appointment is entirely consistent with the result reached in *Norwood*.

(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of [FIRREA].

The Corporation may appeal any order of remand entered by a United States district court.

12 U.S.C. § 1441a(*l*)(3) (Supp.1990).

Several distinctions between former § 1730(k)(1)(C) and new § 1441a(*l*)(3) are apparent. First, as previously discussed, § 1730(k)(1)(C) delineated the appropriate removal procedure by reference to general removal law. Section 1441a(*l*)(3) eliminates this reference. Second, § 1730(k)(1)(C) authorized removal to the "United States district court for the district and division embracing the place where the same is pending." While a similar provision remains applicable to the FDIC post-FIRREA, *see* 12 U.S.C. § 1819(b)(2)(B) (1989) (FDIC may remove state proceeding to "appropriate United States district court"), § 1441a(*l*)(3) alters previous law with respect to thrift institutions. Section 1441a(*l*)(3) provides a right of removal *not* to the district court for the district where the action is pending, but instead to the districts enumerated in the statute. Third, § 1730(k)(1)(C) provided no time limitations for removal other than those contained in 28 U.S.C. § 1446(b). Section 1441a(*l*)(3) contains independent time limitations that alter previous FSLIC removal jurisprudence.

When considered together, the differences between former § 1730(k)(1)(C) and 1441a(*l*)(3), as well as the specific removal provisions contained in § 1441a(*l*)(3), lead to the conclusion that the general removal provisions of 28 U.S.C. § 1446(b) do not apply when the RTC is appointed conservator or receiver for a failed thrift institution.[6] *See FSLIC v. Westgate Partners, Ltd.,* 726 F.Supp. 807, 809 (D.Colo.1989) (because removal jurisdiction is based on § 1441a(*l*)(3), general removal provisions are irrelevant). 12 U.S.C. § 1441a(*l*)(3) instead provides the exclusive removal provision in cases where the RTC is appointed conservator or receiver.[7]

It is patent that the RTC's removal was timely. Pursuant to § 1441a(*l*)(3)(A), the RTC was entitled to remove the action not later than 90 days after it was substituted as a party. The RTC was substituted as a party on November 10, 1989. Removal occurred on December 11, 1989, well within the time limitation of § 1441a(*l*)(3)(A).

## C

The next question—whether the RTC removed the action to the proper court—is less clear but is ultimately dispositive. Section 1441a(*l*)(3) provides for removal of actions to which the RTC is a party "from a State court to the United States District Court for the District of Columbia, or if the action ... arises out of the actions of the Corporation with respect to an institution for which a conservator or

---

6. This conclusion is not inconsistent with Chief Judge Sanders' recent decision in *MTech Corp. v. FDIC,* 729 F.Supp. 1134 (N.D.Tex.1990). In *MTech* the court considered whether § 1446(b)'s 30–day limitation period applied post-FIRREA to a state court action removed by the FDIC acting as receiver for a failed bank. Rejecting the FDIC's argument that FIRREA's deletion of the reference in 12 U.S.C. § 1819 to general removal procedures indicated that a "reasonableness" standard now governs timeliness of removal, Chief Judge Sanders held that 28 U.S.C. § 1446(b) remains applicable to removal under 12 U.S.C. § 1819. 729 F.Supp. at 1136.

The distinctions between this case and *MTech* are apparent. Here, it is the RTC, not the FDIC, acting as receiver. Removal in this case is not governed by 12 U.S.C. § 1819 (as amended by FIRREA § 209), but instead by § 1441a(*l*)(3), which prescribes specific time limitations not

found in 12 U.S.C. § 1819. In § 1441a(*l*)(3) Congress has embodied a removal provision distinct from the provision applicable when only the FDIC is involved. *Cf. In re Resolution Trust Corp.,* 888 F.2d 57, 59 (8th Cir.1989) (RTC's right of removal governed by § 1441a(*l*)(3)). Chief Judge Sanders recognized this distinction in *MTech. See* 729 F.Supp. at 1136 n. 4.

7. The court rejects the RTC's invitation to read the amended provisions in 12 U.S.C. § 1819 that apply to removal by the FDIC together with § 1441a(*l*)(3)'s removal provisions to create a kind of "mix and match" statutory scheme. The removal provisions in 12 U.S.C. § 1819(b)(2)(B) do not apply to the RTC. Likewise, the provisions of § 1441a(*l*)(3) do not apply to the FDIC except to the extent the FDIC acts as managerial agent of the RTC.

a receiver has been appointed, the United States district court for the district where the institution's principal place of business is located." The few district court decisions that have interpreted this statutory provision have reached inconsistent results.[8] Judge Matsch of the District of Colorado reasoned in the sole reported decision that, where the last pleading in a state action was filed prior to the RTC's creation in August 1989, the claims asserted in the action did not "arise from any actions of the RTC" with respect to the failed institution and thus held removal could be made only to the District of Columbia. *Westgate*, 726 F.Supp. at 809, 810. The court rejected the RTC's argument that removal to the district court where the institution is located is proper whenever the action involves the RTC as conservator or receiver of a failed institution, finding such removal proper only if the *case* itself arises out of some action taken by RTC with respect to the failed institution. *Id.* at 809.

The court need not decide today whether the interpretation given § 1441a(*l*)(3) in *Westgate* is consistent with the statutory language of that section and the framework of FIRREA as a whole. Regardless whether § 1441a(*l*)(3) creates a right of removal to the district where a failed institution's principal office is located or instead creates an exclusive right of removal to the District of Columbia, it is clear that these two possibilities constitute the universe of available fora upon removal. Here, Old Sandia's principal office was located in New Mexico. Thus the only courts to which this case could properly have been removed were the Districts of Columbia and New Mexico. Removal to the Northern District of Texas was not authorized. Key's motion to remand must therefore be, and is, granted.

This action is remanded to the 14th Judicial District Court, Dallas County, Texas.

The clerk of court shall effect the remand order in accordance with the usual procedures. Costs of removal are taxed against the RTC.

SO ORDERED.

**8.** *See Westgate*, 726 F.Supp. at 809, 810 (RTC could remove only to United States District Court for District of Columbia); *American Sav. and Loan Ass'n of Brazoria County v. Lightfoot*, No. 89 C 2939, 1989 WL 157343 (N.D.Ill. Dec. 20, 1989) (RTC could remove only to district where failed institution's principal place of business located); *FSLIC v. Burrage*, No. 89 C 2938, 1989 WL 134956 (N.D.Ill. Oct. 12, 1989) (RTC could remove to District of Columbia or district where failed institution located).