932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RESOLUTION TRUST CORPORATION, as conservator of Atlantic
Permanent Federal Savings Bank, Plaintiff-Appellant,
v.
SOUTHEAST MORTGAGE CORPORATION, Richard W. Johnson, Edith B.
Johnson, William M. Bethea, Jr., Kathryn N.
Bethea, Defendants-Appellees.
RESOLUTION TRUST CORPORATION, as conservator of Atlantic
Permanent Federal Savings Bank, Plaintiff-Appellant,
v.
SOUTHEAST MORTGAGE CORPORATION, Richard W. Johnson, Edith B.
Johnson, William M. Bethea, Jr., Kathryn N.
Bethea, Dale S. White, Diane C. White,
Defendants-Appellees.
 No. 90-3068.
 United States Court of Appeals, Fourth Circuit.
 Argued February 4, 1991.
Decided May 6, 1991.
As Amended July 11, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-865-N, CA-89-866-N)
 Dean Taylor Buckius, Vandeventer, Black, Meredith & Martin, Norfolk, Va., (argued), for appellant; Geoffrey F. Birkhead, Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief.
 Judith M. Cofield, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Virginia Beach, Va. (argued), for appellees; Thomas B. Shuttleworth, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Virginia Beach, Va., Frank J. Santoro, Carolyn L. Camardo, Marcus, Santoro & Kozak, Portsmouth, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 This action for the collection of money owed under promissory notes was originally brought in state court by Atlantic Permanent Savings Bank, F.S.B. ("Atlantic") against Southeast Mortgage Corporation ("Southeast"). Subsequently, Atlantic was deemed insolvent, and the Office of Thrift Supervision appointed the Resolution Trust Corporation ("RTC") to serve as Atlantic's receiver. The RTC then organized a new federal association, Atlantic Permanent Federal Savings Bank ("Atlantic Federal"), which assumed control of the assets and liabilities of Atlantic. RTC was appointed conservator of Atlantic Federal and removed this action to the United States District Court for the Eastern District of Virginia, Norfolk Division. Southeast then moved to remand the proceeding to state court. The district court granted Southeast's motion, and RTC appeals. We affirm.
 
 I.
 
 2
 This suit involves the collection of money owed under promissory notes which Atlantic sold to Southeast. The notes were originated by Landbank Equity Corporation ("Landbank") and were secured by Landbank real estate. Atlantic allegedly financed this transaction, and Southeast signed a note secured by the Landbank collateral. Southeast became delinquent on its payments, and on November 15, 1988, Atlantic filed suit in the Norfolk Circuit Court to collect the amount due on the promissory notes. Southeast counterclaimed asserting that Atlantic fraudulently induced Southeast to purchase the Landbank notes with knowledge that the notes were subject to defenses.
 
 
 3
 While this case was pending, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). 12 U.S.C. Sec. 1441a (Supp.1990). Section 501 of FIRREA amended the Federal Home Loan Bank Act by adding section 21A. Section 21A created the RTC which succeeded to the rights of the FSLIC which was abolished by section 401(a) of FIRREA.
 
 
 4
 On December 8, 1989, Atlantic was deemed insolvent and the Office of Thrift Supervision appointed the RTC to serve as the receiver for Atlantic. The RTC organized Atlantic Federal to assume control of the assets and liabilities of Atlantic, including the promissory notes at issue. RTC was appointed conservator of Atlantic Federal.
 
 
 5
 On December 14, 1989, the RTC filed a notice of removal to federal district court. Southeast filed a motion to remand on January 16, 1990, claiming that removal was improper. At a hearing on that motion, the district court denied the motion and granted the RTC leave to amend its notice of removal. The RTC filed an amended notice of removal on March 2, 1990 setting forth additional statutory support for removal. On March 12, 1990, Southeast filed a second motion to remand again asserting that removal was improper under section 501(1)(3) of FIRREA. The district court granted Southeast's motion, and this appeal followed.
 
 II.
 Section 501(1)(3) provides:
 
 6
 (3) REMOVAL AND REMAND--The Corporation [the RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal business is located....
 
 
 7
 The Corporation may appeal any order of remand entered by a United States district court.
 
 
 8
 12 U.S.C. Sec. 1441a(1)(3) (Supp.1990).
 
 
 9
 RTC first argues that the district court erred in finding that the case could not be brought in the federal district court in Norfolk. The district court found that under section 501(1)(3), if the case involves action taken by the RTC with regard to an institution under a receivership or conservatorship, removal may be to the United States district court with jurisdiction over the institution's principal place of business. The district court found that Atlantic Federal's principal place of business is Norfolk, Virginia. However, in this case, it is undisputed that the suit did not arise out of actions by the RTC. The cause of action arose and the suit was instituted prior to any involvement by the RTC. Accordingly, the district court held that the case could not be removed to the federal court in Norfolk, but could only be removed to the United States District Court for the District of Columbia. See FSLIC v. Westgate Partners Ltd., 726 F.Supp. 807, 809 (D.Colo.1989) (where suit did not arise out of action taken by RTC, removal may only be to the district court for the District of Columbia). Accord Piekarski v. Home Owners Savings Bank, 743 F.Supp. 38, 41 (D.D.C.1990). The district court then granted Southeast's motion to remand. We hold that, based on the clear language of section 501(1)(3), the district court did not err in granting the motion to remand.
 
 
 10
 RTC argues that the district court abused its discretion in not transferring the case to the United States District Court for the District of Columbia. We disagree and hold that the district court's order was not an abuse of discretion.
 
 
 11
 Based on the foregoing, the order of the district court granting Southeast's motion to remand this action to state court is
 
 
 12
 AFFIRMED.