FEDERAL DEPOSIT INSURANCE COR-PORATION, Receiver of Brownfield State Bank & Trust Company, Plaintiff/Cross-Defendant,

v.

Dan CROWE, Defendant/Cross-Plaintiff/Third-Party Plaintiff,

v.

Sam SPIKES, Paul Condit, Louis Nance, Jack Hamilton, Don Wilson, Ken Muldrow, Bud Brooks, Dennis Harrison, and Newell Reed, Third-Party Defendants.

Civ. A. No. CA–5–84–91.

United States District Court, N.D. Texas, Lubbock Division.

Aug. 9, 1984.

Harold H. Pigg, Brock, Morton & Pigg, Lubbock, Tex., for plaintiff/cross-defendant.

William J. McGowan, II, Bradford L. Moore, Kelly Moore, McGowan & McGowan, Brownfield, Tex., for third-party de-

fendants Jack Hamilton, Don Wilson, Ken Muldrow & Newell Reed.

Jerry W. Corbin, Denver City, Tex., for third-party defendant Dennis Harrison.

David R. Langston, Jack P. Driskill, McWhorter, Cobb & Johnson, Lubbock, Tex., for third-party defendants Louis Nance and Bud Brooks.

Jerry M. Kolander, Jr., McCleskey, Harriger, Brazill and Graf, Lubbock, Tex., for defendant/cross-plaintiff/third-party plaintiff Dan Crowe.

H. Grady Terrill, III, Barnett & Terrill, Lubbock, Tex., for third-party defendant Sam Spikes.

Johnny Roy Phillips, John R. Douglas, Seminole, Tex., and Thomas W. George, Austin, Tex., for third-party defendant Paul Condit.

## ORDER

WOODWARD, Chief Judge.

Brownfield State Bank & Trust Company filed suit in state court on December 16, 1983, to collect sums due on a promissory note. Crowe counterclaimed against the Bank and filed Third-Party Complaints against several individuals. The Bank became insolvent and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. The FDIC filed a Plea in Intervention and Notice of Substitution of Parties in the state court action, and filed a Petition for Removal in this court. Third-Party Defendants Jack Hamilton, Dan Wilson, Ken Muldrow, and Newell Reed filed a Notice of Motion for Remand to State Court.

Because the removal was proper and timely filed, the motion of third-party defendants is denied.

■ The first ground for remand in that removal was improvident because there is no original federal jurisdiction. This case was removed on the basis of 12 U.S.C. § 1819 which states that "All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy." § 1819 further provides procedure for removal of any such action, "... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States." The third-party defendants contend that the FDIC, in this case, is acting in its capacity as receiver and therefore falls within the exception. .

The FDIC, however, intervened and is prosecuting this suit in its corporate capacity. FDIC's Plea in Intervention and Notice of Substitution of Parties, filed in state court, expressly provided that the FDIC was acting in its corporate capacity. Ex. "A" to Plaintiff's Brief in Opposition of Motion to Remand. The FDIC is not merely acting as receiver in this case, but has purchased certain assets of the defunct bank, including the present cause of action initially filed by Brownfield State Bank & Trust Company. See Exs. "B" and "C" to Plaintiff's Brief in Opposition of Motion to Remand.

The case is removable pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1441, and the first ground for remand is therefore denied. See e.g. FDIC v. Otero, 598 F.2d 627 (1st Cir.1979); FDIC v. Bank of America, 701 F.2d 831 (9th Cir.1983).

■ Third-party defendants' second ground for remand is that the FDIC's petition for removal was not timely filed in accordance with 28 U.S.C. § 1446(b). § 1446(b) requires that a petition for removal be filed within thirty days after receipt by defendant of the initial pleading, or

If the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The question is thus when the FDIC first received a pleading or paper from which it could ascertain that the case was or had become removable. Third-party defendants argue that the 30–day period began running in February, 1984, the date the FDIC was appointed statutory receiver of Brownfield State Bank & Trust Company. Because the removal petition was not filed until June 22, 1984, third-party defendants argue that the filing was untimely. The FDIC, on the other hand, contends that the 30–day period did not commence until the FDIC filed its Plea in Intervention and Notice of Substitution of Parties on June 22, 1984 the same day the petition of removal was filed.

There are no cases directly on the issue, however the most logical way to read 12 U.S.C. § 1819 and 28 U.S.C. § 1446 together is to hold that the first pleading from which it could be ascertained that the suit was removable (*i.e.* that the FDIC had become a party in its corporate capacity) was on the date the FDIC intervened. In *FDIC v. Otero*, 598 F.2d 627 (1st Cir.1979), though the issue was whether a party other than the FDIC could remove pursuant to § 1819, the court inferred that the suit had become removable when the FDIC intervened.

> ... it is well established that when the plaintiff by a voluntary act interposes a federal question that did not appear in the complaint as originally filed, the defendant may remove the case to federal court.... We do not think that a different result should pertain when the FDIC sues as the assignee of assets of a failing bank simply because the bank had already begun a collection suit before going under. Indeed our research reveals that it is a common practice for the FDIC to intervene in pending suits on bad assets and remove to federal court.

*Id.* at 629.

Because the FDIC became a party to this suit in its corporate capacity on the date

that it intervened and filed a petition of removal on that same date, the removal was timely filed. 12 U.S.C. § 1819, 28 U.S.C. § 1446.

■ Third-party defendants' final ground for remand is that removal was improper in this case because all defendants failed to join in the petition for removal. Third-party defendants here refer to the counterclaim filed against the FDIC and the individual third-party defendants. 12 U.S.C. § 1819, however, gives the FDIC itself power to remove.

> ... [T]he reference in § 1819(4) to 'procedure for removal' is solely to the mechanical portions of 28 U.S.C. § 1446, which determined the 'where,' 'when,' and 'how' of petitioning for removal.... The question of 'who' can remove is resolved, insofar as the FDIC is concerned, within the language of § 1819 itself which provides for removal in '[a]ll suits ... to which the [FDIC] shall be a party....'

*Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842, 846 (2d Cir.1976).

The Motion to Remand is therefore denied.

It is so ordered.