**AMERICAN SAVINGS & LOAN ASSOC. OF BRAZORIA COUNTY**

v.

**Roger HOSS.**

**Civ. A. No. G–89–132.**

United States District Court,
S.D. Texas,
Galveston Division.

July 28, 1989.

Angela K. Morris, Lake Jackson, Tex., and Dougal C. Pope, Houston, Tex., for plaintiff.

**MEMORANDUM OPINION & ORDER**

HUGH GIBSON, District Judge.

This action was originally filed in the 239th District Court of Brazoria County, Texas. American Savings sought judgment on a promissory note which the defendant allegedly guaranteed. The defendant counterclaimed. On March 8, 1989, American Savings was declared insolvent, and FSLIC was appointed as its conservator. On May 5, 1989, FSLIC filed a plea in intervention in state court and then removed to this Court.

The defendant moves to remand the case because FSLIC's removal was filed more than 30 days after its appointment as con-

servator. FSLIC argues that the case did not become removable until it filed its plea in intervention. FSLIC relies by analogy upon the district court opinions of Chief Judge Woodward of the northern district of Texas.[1] Those cases involved FSLIC's counterpart to the banking industry, the Federal Deposit Insurance Corporation (FDIC). For the reasons contained herein, this Court declines to follow the holdings of the northern district.

■ FSLIC relies upon a combined reading of 12 U.S.C. § 1730(k)(1) and 28 U.S.C. § 1446(b) as grounds for removal. Section 1730(k)(1) states:

Notwithstanding any other provision of law, (A) the Corporation [the FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: ....

Section 1446(b) states:

The notice of removal of a civil action shall be filed within thirty days after the receipt ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removeable....

The Court recognizes that section 1730(k)(1)(B) permits removal by FSLIC of any action in which it is a party, and that FSLIC was not a party until it filed its plea intervention. Yet, in *North Mississippi*

*Sav. & Loan v. Hudspeth,*[2] the Fifth Circuit held that requiring the formal joinder of FSLIC before FSLIC could remove a case would render the pleading process excessively technical. *See* 756 F.2d at 1100. Thus, FSLIC's plea in intervention was not a necessary predicate before it could be considered a party to the state court litigation.

■ In its second argument, FSLIC places heavy emphasis on section 1446(b)'s requirement that the state court records contain "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The idea is that if the plea in intervention is the first document from which it can be ascertained that the case is removable, then removal is proper so long as it occurs within thirty days from the filing of the plea. As support for their argument, FSLIC relies upon the northern district decisions, which in turn rely in part upon the First Circuit's opinion in *FDIC v. Otero,* 598 F.2d 627 (1979). The reliance upon *Otero,* however, is misplaced as *Otero* is distinguishable from this case.

In *Otero,* a bank was involved in state court litigation to collect on defaulted loans. After the bank became insolvent, the FDIC took over as receiver. Although the defendants had notice that the FDIC had taken over the failed bank, the FDIC did not seek to become a party plaintiff until three months later. Thereafter, the defendants removed the case to federal court. FDIC sought a remand. Other than a brief reference that suggested the FDIC had to be formally involved in the case before removal could occur, the First Circuit denied the prayer for remand. 598 F.2d at 633 n. 7. Thus, *Otero* is not applicable to the case *sub judice* because *Hudspeth* does not require FSLIC's formal joinder in order for the case to be removed.

---

1. *FDIC v. Brooks,* 652 F.Supp. 745 (N.D.Tex. 1985); *FDIC v. Brooks,* 652 F.Supp. 744 (N.D. Tex.1985); *FDIC v. Patton Cotton Co.,* 652 F.Supp. 742 (N.D.Tex.1984).

2. 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), *overruled on other grounds by, Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.,* —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

The decisions of the northern district also appear to misconstrue the purposes of section 1446(b). Those purposes are two-fold. First, section 1446(b)'s requirement that something be on file before the case is removable gives actual or constructive notice to those parties who would not otherwise be aware that the nature of the litigation had changed and the case was removable. Second, it establishes a definite point in time to calculate the running of the thirty-day period. Those concerns are not implicated here because FSLIC, as the removing party, knew for several months that the case was removable. Moreover, it is nonsensical that FSLIC must file a plea in intervention so that FSLIC has notice that the case is subject to removal. To hold otherwise would render the thirty-day requirement of section 1446(b) meaningless and encourage FSLIC to engage in tactical removals. If state court litigation was proceeding well, then FSLIC could lie behind the log and do nothing. If the litigation was turning sour, then FSLIC could substitute counsel, file its plea in intervention, and remove to federal court. Tactical removals encourage delay and frustrate the public policy requirement that removals be timely made because the removing party (FSLIC) would never be truly subject to section 1446(b)'s thirty-day requirement. Therefore, this Court holds that where FSLIC is the removing party, the thirty-day requirement of section 1446(b) begins to run the day FSLIC is appointed to take over the failed institution.

It is, therefore, ORDERED, ADJUDGED, and DECREED that this case was improvidently removed. The case is REMANDED to the 239th District Court of Brazoria County, Texas.