**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity and as Receiver for Katy National Bank, Plaintiff,**

v.

**N. Robert NORWOOD, Andrea R. Norwood, and Trebor Investments, Inc., Defendants.**

**Civ. A. No. H–89–4153.**

United States District Court, S.D. Texas, Houston Division.

Dec. 20, 1989.

D.M. Freedman, Freedman, Hull, Mathews, Hanlon & Price, P.C., Houston, for plaintiff.

Robert E. Newey, Rosen, Newey & Blon, P.C., Houston, for defendants.

## ORDER

HITTNER, District Judge.

Pending before this Court is a motion to remand filed by defendants N. Robert Norwood, Andrea R. Norwood, and Trebor Investments, Inc. Considering the motion, the submissions of the parties, the argument of counsel in open court on December 15, 1989, and the applicable law, the Court remands the case.

Katy National Bank ("Katy") originally filed this suit, seeking recovery on several promissory notes executed or guaranteed by the defendants, in the 55th Judicial District Court of Harris County, Texas. On May 4, 1989, the Office of the Comptroller of the Currency revoked Katy's charter and appointed the Federal Deposit Insurance Corporation ("FDIC") as Katy's receiver. FDIC moved to intervene and substitute in the state court action on December 1, 1989 and removed the case to this Court on the same day. The defendants now move for remand on grounds that FDIC failed to remove within the 30–day removal limitations period of 28 U.S.C.A. § 1446(b) (West Supp.1989).

In deciding whether to remand the case, the threshold issue is whether the 30–day limitations period applies to removal by FDIC under the recently enacted Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73 [hereinafter FIRREA], § 209, 1989 U.S. Code Cong. & Admin.News (103 Stat.) 183, 216–17. Prior to FIRREA's enactment, the removal statute applicable to removals by FDIC stated that FDIC could remove state court cases "by following any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819 (Fourth), *amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This language referred to the general removal statute, codified at 28 U.S.C.A. §§ 1441–1452 (West 1973 & Supp.1989). The FIRREA removal provisions, on the other hand, do not expressly tie FDIC's removal power to the general statute. *See* 12 U.S.C. § 1819(b)(2)(B), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216.

Nonetheless, the Court finds that FDIC's removal power under FIRREA is subject to the 30–day removal limitations period of 28 U.S.C. § 1446(b). Even though the language "by following any procedure for removal now or hereafter in effect" was

omitted from the amended statute, the new removal provisions evidence Congress's intent that FDIC adhere in most respects to general removal procedure under 28 U.S.C. §§ 1441, 1446, 1447.

The FIRREA removal provisions specifically exempt FDIC from the general removal requirements in two ways. First, FIRREA provides that FDIC may remove a case "without bond or security." 12 U.S.C. § 1819(b)(2)(B), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This language is an apparent reference to the former provision of the removal statute that required a bond to be posted upon removal. *See* 28 U.S.C. § 1446(d), *amended by* Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, tit. 10, § 1016(b), 102 Stat. 4669, 4670.[1]

Second, the FIRREA removal provisions relating to FDIC specifically depart from the general removal statute by allowing FDIC to appeal any order of remand. 12 U.S.C. § 1812(b)(2)(C), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This provision represents a specific departure from the general rule, under 28 U.S.C. § 1447(d) (1982), that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." These specific alterations of the general removal scheme evidence Congress's intent not to create a FDIC removal power under FIRREA wholly independent of that general process. If FIRREA were intended to establish a wholly independent method of removal, there would have been no need for Congress to enumerate these specific exceptions to the general removal provisions.

Furthermore, FIRREA provides that all actions to which FDIC is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This provision evidences an intent to provide the proper jurisdictional "hook" for removal under 28 U.S.C. § 1441(a). For these reasons, the Court finds that Congress drafted the FIRREA removal provisions to supplement, not supplant, the general removal statute. Thus, removals by FDIC under FIRREA remain subject to the 30–day removal limitations period of section 1446(b).

■ The next issue is whether the 30–day limitations provision runs from the date of FDIC's appointment as receiver of a failed depository institution or from the date FDIC formally intervenes or substitutes in the state court proceedings. In this case, the more precise question is whether FDIC complied with the 30–day limitations period by removing concurrently with the filing of a motion to intervene and substitute in the state court proceedings, even though FDIC had been Katy's receiver for more than 30 days. The relevant removal limitations provision of section 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b) (West Supp. 1989). The crucial exercise here is thus fixing the point at which FDIC could have first ascertained that the case was removable.

The Fifth Circuit has not reached the precise question of whether the relevant point for commencing the 1446(b) 30–day limitations period is the FDIC's appointment as receiver or its intervention in a state court suit. *See Davis v. Federal Savings & Loan Insurance Corp.*, 879

---

1. Because the bond requirement was eliminated from the general removal provisions several months before FIRREA's enactment, it is unclear why Congress included the "without bond or security" phrase in the FIRREA removal provision relating to FDIC. Congress may well have merely carried forward the language of the former FDIC removal statute for added emphasis on this point. *See* 12 U.S.C. § 1819 (Fourth), *amended by* FIRREA, *supra*, § 209, 1989 U.S. Code Cong. & Admin.News (103 Stat.) at 216. However, the *reference* to the general removal statute—the indication crucial to this analysis—remains clear.

F.2d 1288, 1289 (5th Cir.1989).[2] However, under existing Fifth Circuit precedent, FDIC could have removed this case without formally substituting or intervening in the state action. *See North Mississippi Savings & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985), *overruled on other grounds, Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp.,* —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989); *Farina v. Mission Investment Trust,* 615 F.2d 1068, 1074–75 & n. 19 (5th Cir.1980); *Blakely Airport Joint Venture v. Federal Savings & Loan Insurance Corp.,* 678 F.Supp. 154, 155 (N.D.Tex.1988). Indeed, it does not appear that FDIC sought to obtain a state court ruling on its motion to substitute or intervene in the instant suit before removing the case. Because of FDIC's ability to remove without formal substitution or intervention, the point at which the 30–day period began to run was the date of FDIC's receipt of the papers appointing it Katy's receiver. *See American Savings & Loan Ass'n v. Hoss,* 716 F.Supp. 979, 980–81 (S.D.Tex.1989).

In reaching this result, the Court takes issue with the conclusions of at least two federal district courts in the Northern District of Texas. *See Addison Airport of Texas, Inc. v. Eagle Investment Co.,* 691 F.Supp. 1022, 1025 (N.D.Tex.1988) (Fitzwater, J.); *Federal Deposit Insurance Corp. v. Brooks,* 652 F.Supp. 745, 746 (N.D.Tex. 1985) (Woodward, C.J.); *Federal Deposit Insurance Corp. v. Brooks,* 652 F.Supp. 744, 745 (N.D.Tex.1985) (Woodward, C.J.); *Federal Deposit Insurance Corp. v. Patton Cotton Co.,* 652 F.Supp. 742, 743 (N.D. Tex.1985) (Woodward, C.J.); *Federal Deposit Insurance Corp. v. Crowe,* 652 F.Supp. 740, 742 (N.D.Tex.1985) (Woodward, C.J.). The Northern District holdings are based in part on the reasoning of *Federal Deposit Insurance Corp. v. Otero,* 598 F.2d 627 (1st Cir.1979), a case in which the First Circuit held that a state court suit was removable by the defendant after FDIC had intervened as party plaintiff. This Court finds the *Otero* decision inapposite. The *Otero* court certainly did not face the section 1446(b) timing issue, and did not even face the roughly analogous issue of whether the defendant could have removed if FDIC had *not* intervened. In this light, *Otero* stands only for the proposition that if FDIC *does* intervene as a party plaintiff, FDIC raises a federal question that makes a state court suit removable at the instance of FDIC *or* the defendant. *See Otero,* 598 F.2d at 629.

Another concern expressed by one of the Northern District decisions is that commencing the 30–day removal limitations clock on the date of FDIC's appointment "would impose upon the FSLIC a burden to identify pell-mell every potential action in which it may desire to intervene or risk the loss of its removal right." *Addison Airport,* 691 F.Supp. at 1025. This Court notes that under FIRREA, FDIC as receiver or conservator may request a stay of 90 days in any judicial proceeding in which the institution in receivership "is or becomes a party." 12 U.S.C. § 1821(d)(12)(A) (1982), *as amended by* FIRREA, *supra,* § 212(a), 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 231–32. Courts are then required to grant such a stay. *Id.* § 1821(d)(12)(A), *as amended by* FIRREA, *supra,* § 212(a), 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 231–32. Congress intended this stay provision to provide the FDIC with "breathing room" immediately upon its appointment as conservator or receiver of a failed insured depository institution. According to a House of Representatives report on FIRREA, "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed." H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.Code Cong. & Admin.News (103 Stat.) 86, 127. FDIC's potential recourse to the stay provi-

---

**2.** In *Davis,* the Fifth Circuit panel found removal by the Federal Savings and Loan Insurance Corporation ("FSLIC") was timely under 1446(b) when the removal was taken less than thirty days from *both* FSLIC's appointment as receiver and FSLIC's intervention in the state court suit.

sion should alleviate the concern underlying the Northern District decisions.

In turn, the Court agrees with Judge Hugh Gibson of this district in finding that to start the 30–day clock only after FDIC's formal intervention or substitution in the case would allow FDIC to "lie behind the log" in performing the tactical removals that section 1446(b) was designed to prevent. *See Hoss*, 716 F.Supp. at 981. In creating a removal limitations period that now stands at 30 days, Congress recognized the delay in state and federal judicial administration that results from the unfettered use of removal. *See Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 100, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898) (noting that the removal limitations provision "clearly manifests the intention of Congress that the petition for removal should be filed at the earliest possible opportunity").[3]

Thus, the Court fixes the commencement of the 30–day removal limitations period in this case at May 4, 1989. FDIC did not remove this case until December 1, 1989. FDIC thus did not remove within the 30–day period, and the case must be remanded.

Based on the foregoing, this Court

ORDERS that the motion to remand is GRANTED. This case is hereby remanded to the 55th Judicial District Court of Harris County, Texas.

---

**3.** *Powers* established the rule that the removal limitations period runs from the time a state court suit is filed *or,* in the instance of a case that becomes removable only some time after filing, from the time that the case becomes removable. *See Powers,* 169 U.S. at 98–101, 18 S.Ct. at 266–267. When Congress adopted the section 1446(b) language covering lawsuits in which "the case stated by the initial pleading is not removable," it cited *Powers* in stating its intent to codify "the existing rule laid down by the decisions." H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* 1949 U.S.Code Cong.Serv. 1254, 1268.