Betty Lee **LAZUKA**, Individually and as Executrix of the Estate of Sylvester Lazuka, Sr., Deceased, Plaintiff–Appellee,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for First American Bank and Trust, A Florida Banking Corporation, Defendant–Appellant.**

No. 90–5693.

United States Court of Appeals, Eleventh Circuit.

May 29, 1991.

Robert Pass, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., Gregory E. Gore, FDIC, Washington, D.C., for defendant-appellant.

Steven Reininger, Sharon L. Blake, Rasco, Reininger & Dannheiser, Miami, Fla., for plaintiff-appellee.

Before FAY and BIRCH, Circuit Judges, and HOFFMAN.*, Senior District Judge.

FAY, Circuit Judge:

This appeal arises out of the FDIC's removal of a case from state court to federal district court. The district court remanded the case to state court on the basis of its finding that the "well-pleaded complaint" rule applied to prohibit the FDIC from removing the case where a federal cause of action did not appear on the face of the complaint. We disagree. Instead, we find that the recent Financial Institutions Reform, Recovery, and Enforcement Act of 1989, ("FIRREA") P.L. No. 101–73, 103 Stat. 183 (1989), amending 12 U.S.C. § 1819(b)(2), creates a rebuttable presumption of federal question jurisdiction to support removal in cases brought against the FDIC, and overcomes the "well-pleaded complaint" rule by permitting the FDIC to assert a federal question in its answer. Section 1819 permits a plaintiff to rebut this presumption by making a showing upon a motion for remand that the statutory exception to removal, located at 12 U.S.C. § 1819(b)(2)(D), applies. Because the district court remanded the case prior to the FDIC's filing of an answer in which it could have raised a federal question, we VACATE the district court's order of remand. Additionally, we find that the general removal time limit of thirty days re-

mains applicable to the FDIC. We also find that the date on which the limit begins to run, in cases in which the FDIC is appointed receiver to a defendant depository institution in an ongoing suit, is the date of the FDIC's receipt of notice of its appointment as receiver of the institution. In the case before us, the FDIC did not remove until more than thirty days following its appointment as receiver. Nevertheless, its removal was timely because it had been granted a ninety-day stay of proceedings, and removed within ninety days of its appointment as receiver.

## Background

Plaintiff, Betty Lee Lazuka, individually and as executrix of the estate of her deceased husband, sued First American Bank & Trust Company ("First American"), and a number of other defendants, in a Florida court in September of 1989. She sought damages arising out of agreements between First American and the other defendants involving real property, stock and transactions financed by First American, which were evidenced by loan commitments and promissory notes. The counts against First American were for: negligence in delivery of certain funds to Ms. Lazuka or her husband's estate; fraud on Ms. Lazuka and the estate concerning certain stock sales; breach of contract to loan monies, to which plaintiff was a third party beneficiary; vicarious liability in civil theft and conversion for the acts of another defendant; violations of the anti-fraud provisions of the Florida securities laws; and breach of the duty of reasonable care as a lender when it financed the acquisition of one of the other defendant's corporate stock. The other defendants were accused of fraud, breach of contract, civil theft, conversion, and securities violations. First American filed a motion to dismiss for failure to state a cause of action on November 13, 1989.

On December 15, Florida's Comptroller closed First American because it was insolvent and appointed the FDIC as a receiver.

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

Two weeks later, the FDIC as receiver filed its motion to substitute itself for First American in the state court action. On the same date, it also requested a statutory stay of the proceedings. The state court granted both motions on January 18, 1990. On February 20, 1990, the FDIC removed the case to the United States District Court for the Southern District of Florida.

In its notice of removal, the FDIC asserted that removal was timely and proper under the FDIC's removal provisions located at 12 U.S.C. § 1819(b)(2), and raised several possible federal defenses. The FDIC asserted that Lazuka's claims might be barred by two federal statutes, 12 U.S.C. §§ 1823(e) and 1821(d)(9), which mandate that claims against the FDIC meet the criteria of those statutes in order to be provable. Additionally, the FDIC urged that Lazuka's claims might be barred by the *D'Oench* doctrine. *See D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

Plaintiff timely filed a motion to remand the case back to state court. She asserted two grounds for remand. First, she claimed that the removal was untimely, and therefore procedurally defective. Second, she claimed that the case involved only issues of state laws and fell squarely within the exceptions to removal located at 12 U.S.C. § 1819(b)(2)(D).

The district court remanded the case. In applying the exceptions to removal provision of section 1819, the court determined that the "well-pleaded complaint" rule governed its determination of whether disposition of a case required interpretation of only state law. It opined that whether the case was removable was dependent upon a finding that the plaintiff's complaint raised a federal question. Because no federal questions had been raised in Lazuka's complaint, the court refused to "prognosticate whether a federal defense would be raised to counter Plaintiff's state-based claims," because the well-pleaded complaint rule relieved it from making such a prediction.

(R:21:9) The court therefore remanded the case to state court on the basis that plaintiff had established the case fell within the exception to removal in section 1819(b)(2)(D).[1]

Although orders of remand are not generally appealable, pursuant to a special exception in 12 U.S.C. § 1819(b)(2)(C), the FDIC appealed the district court's order of remand to this court.

### Discussion

This case raises a number of issues of first impression in this circuit, or any circuit, for that matter. The central focus of our discussion involves the interpretation of Title 12, U.S.C. § 1819. The pivotal issue is whether that statute's removal provisions serve to overcome the judicially-established "well-pleaded complaint" rule. If so, we then must determine how courts should apply the statute in cases where the "well-pleaded complaint" rule would have precluded removal. We also must determine whether the general removal procedure provisions, specifically those codified at 28 U.S.C. § 1446, have any effect on section 1819.

More importantly, though, we must apply our findings on these matters to the case before us. We must first determine whether the district court had jurisdiction. If so, we must decide whether the court properly remanded the case based upon its interpretation of section 1819. However, even if the district court's grounds for remand were improper, if the court properly could have remanded on other grounds asserted by plaintiff in her motion for remand, we must affirm.

### I.

*The "Well–Pleaded Complaint" Rule*

■ Generally, a party may remove a civil action from state court to federal district court if the action is one over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a) (1988). The

---

**1.** Because the court ruled that the "well-pleaded complaint" rule mandated remand, the court refused to address plaintiff's untimeliness argument. The text of section 1819(b)(2)(A–D) is located in section I., *infra*.

"well-pleaded complaint" rule, a judicial creation, mandates that the basis for federal jurisdiction must appear on the face of the plaintiff's complaint, *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); the averment of a federal question as a defense is insufficient. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *see Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Therefore, in general terms, removal is improper if based solely upon a plaintiff's allegation of an anticipated defense or if based upon a defendant's responsive pleading. *See Merrell Dow* at 808, 809 & n. 6, 106 S.Ct. at 3232, 3233 n. 6.

■ In certain circumstances, though, Congress may set out a jurisdictional statute which serves to overcome the general rule requiring the appearance of a question of federal law in one of the well-pleaded state claims. *See Mesa v. California,* 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989) (citations omitted); *see also Franchise Tax Board,* 463 U.S. at 13, 103 S.Ct. at 2848 (setting out the general standard of the "well-pleaded complaint" rule that federal question jurisdiction is appropriate when it "appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims"). In *Mesa v. California,* the Supreme Court determined that Title 28, section 1442(a), was enacted to overcome the "well-pleaded complaint" rule, so that federal officers who have been sued in state court could remove cases to federal court by asserting a defense that

raises a federal question. *Mesa,* 489 U.S. at 136–37, 109 S.Ct. at 968–69. The Court reasoned that the statute, a removal provision similar to the one before this court, granted district court jurisdiction over cases in which a federal officer is a defendant. *Id.* at 136, 109 S.Ct. at 968. Noting that such statutes could not independently support Article III "arising under" jurisdiction, the Court recognized that "the raising of a federal question in the officer's removal petition ... constitute[s] the federal law under which the action against the federal officer arises for Art. III purposes." [2] *Id.* Accordingly, under section 1442(a), a defendant may remove a case, notwithstanding the "well-pleaded complaint" rule, by raising a federal question as an element of its defense. *See id.*

The Supreme Court's interpretation of 28 U.S.C. § 1442(a) is analogous to the relevant statute in this case. Section 1442(a) states that "a civil action ... commenced in a State court against [federal officers] *may be removed by them* to the district court of the United States." 28 U.S.C. § 1442(a) (1988) (emphasis supplied). The statute upon which the FDIC relies, part of the recent FIRREA amendments, is codified at 12 U.S.C. § 1819. Section 1819 provides, in pertinent part:

### § 1819. Corporate powers

. . . .

### (b) Agency Authority
#### (1) Status

The Corporation [FDIC], in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28, without regard to whether the Corporation commenced the action.

**2.** In its discussion of the issue, the Court explained that an earlier decision had discussed the distinction between "jurisdictional statutes" and "the federal law under which [an] action arises, for Art. III purposes," and recognized that pure jurisdictional statutes which seek "to do nothing more than grant jurisdiction over a particular class of cases" cannot support Art. III "arising under" jurisdiction. *Mesa,* 489 U.S. at 136, 109 S.Ct. at 968 (quoting *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 496, 103 S.Ct. 1962, 1972, 76 L.Ed.2d 81 (1983) (citing *The Propeller Genesee Chief v. Fitzhugh,* 12 How. 443, 451–543, 13 L.Ed. 1058

(1852); *Mossman v. Higginson,* 4 Dall. 12, 1 L.Ed. 720 (1800))) (footnote omitted). The Court went on to note that the statute in question in *Verlinden* was a "comprehensive scheme" comprising both pure jurisdictional provisions as well as federal law capable of supporting Art. III "arising under" jurisdiction. *Id.* (citing *Verlinden,* 461 U.S. at 496, 103 S.Ct. at 1972). The statute in *Mesa,* however, the Court determined to be solely and purely jurisdictional. *Id.* As a result, the statute merely provided a federal officer, as a defendant, the opportunity of raising a federal question as a defense to support federal court jurisdiction. *See id.*

**(2) Federal court jurisdiction**

**(A) In general**

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

**(B) Removal**

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

**(C) Appeal of remand**

The Corporation may appeal any order of remand entered by any United States district court.

**(D) State Actions**

... any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C.A. § 1819 (West 1989). In cases where the FDIC, as a defendant, has been appointed receiver by the exclusive appointment by State authorities, we find this statute to operate in the same fashion as the statute in *Mesa*. That is, the FDIC as a defendant may allege Article III "arising under" jurisdiction as a defense, notwithstanding the "well-pleaded complaint" rule.

Section 1819's chief function in this respect is to permit the FDIC to remove cases to federal court in nearly every case it is a party. By overcoming the "well-pleaded complaint" rule, section 1819 permits the FDIC to allege federal defenses such as the *D'Oench* doctrine before a federal court. Congress used very strong language to afford the FDIC every possibility of having a federal forum within the limits of Article III. Congress has "deemed" all actions against the FDIC to "arise under the laws of the United States," subject only to a very specific exception, set forth in section 1819(b)(2)(D).

*Application of Section 1819 where "well-pleaded complaint" rule would have precluded removal*

▊▊▊ Subsection (A) "deems" all suits against the FDIC to "arise under the laws of the United States," subject only to a limited exception in subsection (D). 12 U.S.C.A. § 1819(b)(2)(A) (West 1989). We interpret this section creating a rebuttable presumption of federal jurisdiction. Therefore, absent some showing of an exception, according to section 1819(b)(2)(B) the FDIC may remove a case to federal district court. Following this analysis, it seems only logical that the plaintiff has the burden of showing an exception under subsection (D) to federal jurisdiction. If the plaintiff can show that all three conditions of subsection (D) exist—the FDIC was appointed receiver by a State authority; the case involves only preclosing rights against the insured depository or obligations owing to depositors, creditors, or shareholders; and, that only interpretation of state law is necessary—the plaintiff is then entitled to have the case remanded to state court. Once a plaintiff has made such a showing, it implicitly follows that the FDIC may rebut the plaintiff's showing of any of the three conditions. By "deeming" actions to arise under federal law, Congress has eliminated the requirement that the basis for federal jurisdiction appear on the face of the plaintiff's complaint. Accordingly, because the "well-pleaded complaint" rule is inapplicable, the FDIC may raise a federal defense to rebut a plaintiff's showing that only interpretation of state law is necessary to the disposition of the case.

*Effect of General Statutory Removal Provisions .*

■ We conclude that the FIRREA removal provisions located at 12 U.S.C. § 1819 should be viewed as specific exceptions from the relevant provisions of general removal procedure, located at 28 U.S.C. §§ 1441, 1446, 1447. The FDIC argues that FIRREA's changes to section 1819 make the general removal statute inapplicable. Prior to FIRREA, section 1819 allowed the FDIC to remove actions "by following any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819 (1988). FIRREA amended this portion of the provision to read that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate" federal district court. 12 U.S.C.A. § 1819(b)(2)(B) (West 1989). Although the new provision does not expressly tie the FDIC's removal power to the general statute, we find that the new provisions evidence Congress's intent that the FDIC adhere in most respects to general removal procedure. *See, e.g., FDIC v. Norwood,* 726 F.Supp. 1073, 1075 (S.D.Tex.

1989) (interpreting FIRREA removal provisions to contain specific exceptions from general removal procedure, but not to create a wholly separate removal procedure).[3] The amended section contains no method for determining the "appropriate" district court. Prior to FIRREA, removal by the FDIC under section 1819 was subject to the provisions of 28 U.S.C. § 1446(b). We see no reason now to hold that Congress intended to create a wholly new removal scheme. Instead, FIRREA set out exceptions to the general removal statute. Accordingly, the FDIC is subject to the general removal statute.

■ It therefore clearly follows that removals by the FDIC, even under the new FIRREA amendments, are subject to the 30–day removal limitations period of 28 U.S.C. § 1446(b).[4] We can find no court confronted with this issue that has reached a different conclusion. *See, e.g., Woburn Five Cents Savings Bank v. Robert M. Hicks, Inc.,* 930 F.2d 965, 968 (1st Cir. 1991); *FDIC v. Loyd,* 744 F.Supp. 126, 128 (N.D.Tex.1990); *Resolution Trust Corp. v. Key,* 733 F.Supp. 1086, 1090 & n. 6 (N.D. Tex.1990); *MTech Corp. v. FDIC,* 729 F.Supp. 1134, 1136 (N.D.Tex.1990); *Nor-*

---

**3.** In *Norwood,* the court explained that FIRREA set out only two procedural exceptions from the general removal statute:

> The FIRREA removal provisions specifically exempt FDIC from the general removal requirements in two ways. First, FIRREA provides that FDIC may remove a case "without bond or security." This language is an apparent reference to the former provision of the removal statute that required a bond to be posted upon removal.
> Second, the FIRREA removal provisions relating to FDIC specifically depart from the general removal statute by allowing FDIC to appeal any order of remand. This provision represents a specific departure from the general rule, under 28 U.S.C. § 1447(d) (1982), that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." These specific alterations of the general removal scheme evidence Congress's intent not to create a FDIC removal power under FIRREA wholly independent of that general process. If FIRREA were intended to establish a wholly independent method of removal, there would have been no need for Congress to enumerate these specific exceptions to the general removal provisions.
> Furthermore, FIRREA provides that all actions to which FDIC is a party "shall be

deemed to arise under the laws of the United States." This provision evidences an intent to provide the proper jurisdictional "hook" for removal under 28 U.S.C. § 1441(a).... Congress drafted the FIRREA removal provisions *to supplement, not supplant,* the general removal statute.

*Norwood,* 726 F.Supp. at 1075 (citations and footnote omitted, emphasis supplied).

**4.** This conclusion is not inconsistent with this circuit's recent decision in *Jackson v. American Savings Mortgage Corporation,* 924 F.2d 195 (11th Cir.1991). In *Jackson,* the court discussed the issue of timeliness for removal of cases by federal corporations, specifically the FSLIC and the newly created Resolution Trust Corporation ("RTC"). *Id.* at 197, 198. The court noted that prior to FIRREA, the FSLIC had to file petitions for removal within thirty days of becoming a party. *Id.* at 198 n. 4. Under FIRREA, however, Congress specifically gave the RTC (successor to the FSLIC) ninety days in which to file a notice of removal. *Id.; see* FIRREA, Pub.L. 101–73, 103 Stat. 183, section 501(a), sec. 21A(*1*)(3)(A) (1989). Congress made no special provision for the FDIC. In the absence of a special exception, we apply the general rule for removal, i.e., 30 days. *See Resolution Trust Corp. v. Key,* 733 F.Supp. 1086, 1090 n. 6 (N.D. Tex.1990).

wood, *726 F.Supp. at 1075. What is not as clear is when the clock for removal begins to run.*[5]

Under the general removal provision, the thirty-day limit begins to run as soon as the defendant receives some written notice that the case against it is removable. *See* 28 U.S.C. § 1446(b). This usually occurs when the plaintiff files its initial pleading setting out a claim of which the federal court would have jurisdiction, or when a plaintiff amends its claim to include a new cause of action containing a basis for federal jurisdiction. The FDIC argues that the thirty-day limit should never begin until the FDIC is actually brought into a suit as a party, either by its own intervention or by the plaintiff's or other party's motion for joinder. We disagree.

Although this issue is one of first impression in this circuit as it concerns the FDIC, we adopt the reasoning used by an earlier panel as applied to the FSLIC in *In re Savers Federal Savings & Loan Ass'n*, 872 F.2d 963, 965–66 (11th Cir.1989). In *In re Savers*, the court observed that "section 1446(b) states only that petitions for removal must be filed within thirty days of the date the FSLIC becomes a defendant." *Id.*

at 965. It then determined that "the FSLIC becomes a party within the meaning of section 1730(k)(1) [6] on the day conservatorship is imposed." *Id.* at 965. By analogy, when a plaintiff sues against an insured depository and the FDIC is subsequently appointed receiver, the thirty-day limit begins to run upon its receipt of notice that it has been appointed as receiver. *Woburn Five Cents Savings Bank*, 90–2018 at 15 ("thirty-day requirement of § 1446(b) should take hold the day the F.D.I.C. is appointed receiver for the failed institute"). *Loyd*, 744 F.Supp. at 129 (30–day limit begins to run "upon the FDIC's receipt of notice of appointment"); *Norwood*, 726 F.Supp. at 1076 (holding that 30–day limit begins to run on receipt of notice of appointment as receiver). The time limit begins to run because the order appointing the FDIC as receiver for a failed institution which is a party to on-going litigation is "the first 'paper' that informs the [FDIC] that the case is removable." *See Addison Airport v. Eagle Inv. Co.*, 691 F.Supp. 1022, 1025 (N.D.Tex.1988); *see also Key*, 733 F.Supp. at 1089 & n. 5 (discussing *Norwood* and *Addison Airport*).

5. Section 1446(b) states:
 The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
 If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....
 28 U.S.C. § 1446(b) (1988).

6. 12 U.S.C. § 1730(k)(1) (1982), defined the FSLIC's powers to remove cases in nearly identical terms to the current FDIC provision as amended by FIRREA at 12 U.S.C. § 1819:
 Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the

meaning of section 451 of title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States....
 12 U.S.C. § 1730(k)(1) (1982) (emphasis in original).

## II.

*Application to our Case*

 When the FDIC removed the case, it had not yet filed an answer. Instead, a motion to dismiss for failure to state a cause of action was pending. This motion was pending when the district court remanded the case. The FDIC had no reason to file an answer until after the court had ruled upon the motion. Because we have determined that section 1819 creates a rebuttable presumption that a case against the FDIC is removable, the case was subject to removal to the federal courts. The burden then shifted to the plaintiff to show that no federal jurisdiction existed by satisfying the terms of subsection (D) of section 1819(b)(2). The district court here erroneously ruled that the FDIC could not raise a federal question in its answer. Under this new law and our interpretation, before a federal court can determine whether the case is subject to remand, the FDIC must be given the opportunity of raising a federal question in its answer. It was premature for the court to address the question of remand without first ruling on the pending motion to dismiss.[7]

 Plaintiff argues that the case should not have been removable at all, because the FDIC's notice of removal was untimely. Plaintiff filed the complaint against First American in September of 1989. The FDIC was appointed receiver of First American on December 15, 1989. It did not file its notice of removal until February 20, 1990, 66 days after its appointment as receiver. As we have noted earlier, the time limit for removal is 30 days from the date of the FDIC's appointment as receiver in an ongoing suit against an insured depository. Absent some exception, then, FDIC's removal was untimely.

An exception does exist in this case, however. The FIRREA amendments include a

provision for a stay of proceedings. Once appointed receiver of an insured depository institution, the FDIC may request a stay of up to ninety days "in any judicial action or proceeding to which such institution is or becomes a party." 12 U.S.C.A. § 1821(d)(12)(A) (West 1989). In addition, courts are instructed that "[u]pon receipt of a request by any ... receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties." 12 U.S.C.A. § 1821(d)(12)(B) (West 1989). The FDIC filed a motion for issuance of a stay of all judicial proceedings on December 29, 1989, only fourteen days after being appointed as receiver for First American. The state court held a hearing and granted the FDIC's motion to stay proceedings for ninety days on January 18, 1990.

Clearly, the FDIC requested a stay of the proceedings before the thirty day removal limit had lapsed. Although the court did not actually grant the stay until thirty-three days after the FDIC's appointment, we disagree with plaintiff's contention that the removal time limit had lapsed notwithstanding the stay. The statute permitting the stay clearly directs the court to grant a stay "upon receipt of a request." There was no need for a hearing; the FDIC was statutorily entitled to a stay. We therefore hold that the thirty day limit for removal had not lapsed because the court's grant of a stay of proceedings related back to the date the FDIC had filed its motion.[8] The FDIC filed its notice of removal within 90 days of its request for a stay. Therefore its notice of removal was timely, and no defect in removal had occurred. *See Loyd*, 744 F.Supp. at 130 (untimely removal is defect in removal procedure under 28 U.S.C. § 1447(c)).

---

7. Of course, if the motion to dismiss is granted, the case is over. If the motion is denied, the FDIC would be required to file its answer.

8. If, for some reason, the court properly had denied the FDIC's motion, the time limit would have lapsed thirty days after the FDIC's appoint-

ment as receiver of First American. However, since the motion was granted, we think it unfair for the FDIC to be precluded from the benefit of a Congressional provision merely because it had to wait for the court to rule on the motion.

Accordingly, because we find that the FDIC timely removed the case, and because the district court prematurely remanded the case before ruling on the pending motion to dismiss and thereafter permitting the FDIC to file an answer raising a federal question, if necessary,[9] we VACATE the district court's order of remand. The matter is returned to the district court for proceedings consistent with this opinion.

VACATED and REMANDED with instructions.

---

9. Of course, if the district court were to grant the FDIC's pending motion to dismiss, FDIC would be out of the case and have no need to file an answer.